UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
**RAMON M. CORA**,
:
      Plaintiff,
:
: **MEMORANDUM AND ORDER**
  – against –
: 24-CV-328 (AMD) (LB)
:
**WESTHAB SHELTER**, **MR. GRANT**, and **MS. SMITH**,
:
:
      Defendants.
:
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

  On January 11, 2024, the *pro se* plaintiff Ramon Cora brought this action against the defendants, Westhab Shelter in Brooklyn, New York ("Westhab") and two of Westhab's employees. (ECF No. 1.) His application to proceed *in forma pauperis* is granted. (ECF No. 2.) For the reasons explained below, the action is dismissed with prejudice.

## BACKGROUND

  This is the second action that the plaintiff has filed in which he alleges unsatisfactory conditions at the Westhab homeless shelter.[1] *See Cora v. Satul et al*, No. 24-CV-139 (E.D.N.Y. Jan. 7, 2024). On January 12, 2024, the Court dismissed the first action with prejudice, finding that the plaintiff did not state a claim upon which relief may be granted.[2] Memorandum &

---

[1] The plaintiff has filed six other complaints since December 2023. *See Cora v. Renaissance Men's Shelter et al.*, No. 23-CV-9086 (E.D.N.Y. Dec. 7, 2023); *Cora v. Dep't of Homeless Services DSS*, No. 23-CV-9088 (E.D.N.Y. Dec. 7, 2023); *Cora v. Brooklyn Family Court et al.*, No. 23-CV-9508 (E.D.N.Y. Dec. 26, 2023); *Cora v. N.Y.C. Child Support Human Resources*, No. 23-CV-9509 (E.D.N.Y. Dec. 26, 2023); *Cora v. Lebron et al.*, No. 24-CV-327 (E.D.N.Y. Jan. 11, 2024); *Cora v. Feliciano et al.*, No. 24-CV-328 (E.D.N.Y. Jan. 11, 2024).

[2] The Court has considered whether the instant action is barred by the doctrines of res judicata and collateral estoppel. However, because the plaintiff filed this action on January 11, 2024, and the Court issued the order dismissing his prior action on January 12, 2024, the Court will consider the plaintiff's claims here. The Court will dismiss any further actions against Westhab or its employees based on the

Order, *Cora v. Satul et al.*, No. 24-CV-139 (E.D.N.Y. Jan. 12, 2024), ECF No. 4 at 1, 3.  The Court also held that Westhab and its employees were not state actors for purposes of 28 U.S.C. § 1983.  *Id.* at 4.

The plaintiff brings this action against Westhab, Mr. Grant, the director of the shelter, and Ms. Brown, the director of social services for the shelter, on the basis of federal question jurisdiction.  (ECF No. 1 at 2–4.)  He makes allegations about the food at the shelter, including that "people are get[ting] sick from eating [the] food" and that the residents' food is being "spit[] in."[3]  (*Id.* at 4.)  "The food is always on the floor" and "the staff is eating . . . and stealing" the residents' food and juice.  (*Id.* at 5.)  The staff does not "[wear] hair nets or face mask[s]."  (*Id.*)  The plaintiff also alleges that the "shelter is dirty," "the staff won't clean the bathroom," and the shelter is "hiring thugs from the street."  (*Id.* at 6.)

The complaint does not identify a particular cause of action, but the Court construes the complaint to assert claims under 42 U.S.C. § 1983, alleging that the defendants have violated the plaintiff's rights by not providing adequate services and security.

The plaintiff seeks $50,000 in damages for "ment[al] anguish [and] pain," alleging that he "now [has] stomach problems."  (*Id.*)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

same claims as barred by res judicata, *Monahan v. N.Y.C. Dep't of Corrections*, 214 F.3d 275, 284–85 (2d Cir. 2000), and collateral estoppel, *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002).

[3] The plaintiff uses varying capitalization throughout both complaints.  The Court has modified the quotations from the complaints to employ standard capitalization.

2

defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court's obligation "to construe a *pro se* complaint liberally" applies "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings. *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (summary order) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

Nevertheless, when a plaintiff seeks permission to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines" that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is 'frivolous' when (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory," i.e., "the claim lacks an arguable basis in law" or "a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

## DISCUSSION

"Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975). To the extent that the plaintiff brings a Section 1983 claim, the complaint presents a federal question over which this Court has jurisdiction. However, the plaintiff's allegations are insufficient to state such a claim.

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *accord Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).  To state a claim under Section 1983, a plaintiff must allege that the conduct at issue was "committed by a person acting under color of state law" and that the conduct deprived the plaintiff "of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

Westhab and its employees are not state actors for purposes of Section 1983.  Westhab is a private, non-profit social services agency that provides housing assistance to individuals in need;[4] it is not a government agency.  *See Jones v. City of New York*, No. 22-CV-7243, 2022 U.S. Dist. LEXIS 192413, at *13 (S.D.N.Y. Oct. 17, 2022) (finding that Westhab is a "private party" that was "not alleged to work for any state or other government body"); *Hill v. N.Y.C. Shelter Sys.*, No. 22-CV-7350, 2023 U.S. Dist. LEXIS 28385, at *3–6 (S.D.N.Y. Feb. 17, 2023) (noting that another similar non-profit homeless shelter was not a governmental agency).  Even

---

[4] *See* https://www.westhab.org/about-us/ (last visited Jan. 11, 2024).  The Court takes judicial notice of this website.  *Cf. Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015).

4

construed liberally, the complaint does not allege that the defendants' actions are "fairly attributable" to the state.  Therefore, the Section 1983 claims must be dismissed for failure to state a claim upon which relief may be granted.  *See, e.g.*, *Community Recovery Found., Inc. v. Clarke Thomas Men's Shelter*, No. 23-CV-6965, 2023 U.S. Dist. LEXIS 182492, at *9 (S.D.N.Y. Oct. 11, 2023) (noting that the defendant shelters "are operated by private organizations" and finding that the plaintiff did not allege any facts suggesting that the shelters acted under color of state law); *Ortega v. Samaritan Vill. Myrtle Ave. Men's Shelter*, No. 18-CV-5995, 2020 U.S. Dist. LEXIS 37565, at *9–11 (E.D.N.Y. Mar. 3, 2020) (same).

      Even if the defendants were operating under the color of law, the plaintiff's allegations about the conditions at the shelter do not amount to a constitutional violation.  Access to shelter is not a constitutional right, nor is there any government obligation to provide adequate housing.  *Lindsey v. Normet*, 405 U.S. 56, 74 (1972) (holding that there is no "constitutional guarantee of access to dwellings of a particular quality"); *Jones*, 2022 U.S. Dist. LEXIS 192413, at *14–15 (dismissing the plaintiff's Section 1983 claims arising from shelter conditions and her placement at a particular shelter for failure to state a claim).  "Without adequately alleging any underlying constitutional violation," the plaintiff cannot state a Section 1983 claim.  *Myftari v. Dep't of Fin.*, No. 23-CV-2558, 2023 U.S. Dist. LEXIS 91113, at *7 (E.D.N.Y. May 24, 2023) (quoting *Malik v. City of New York*, 841 F. App'x 281, 285 (2d Cir. 2021)).

      In light of the Second Circuit's guidance that a *pro se* complaint should not be dismissed without leave to amend unless amendment would be futile, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here.  The defects in the plaintiff's complaint are substantive and would not be cured on amendment.  Accordingly, leave to amend the complaint is denied.

The plaintiff has filed multiple frivolous complaints in this District. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (citations omitted) (cleaned up). The plaintiff is warned that the future filing of repetitive, vexatious, and frivolous litigation may result in the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See Hong Mai v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (finding that "courts may impose sanctions, including restrictions on future access to the judicial system," in such circumstances (citations omitted)); *Celli v. Engelmayer*, No. 22-CV-04646, 2023 U.S. Dist. LEXIS 53157, at *10–11 (E.D.N.Y. Mar. 28, 2023).

## CONCLUSION

For these reasons, the plaintiff's action is dismissed with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment dismissing the action, to mail a copy of this Memorandum and Order to the plaintiff, and to note the mailing on the docket.

**SO ORDERED.**

                                                        s/Ann M. Donnelly
                                                        ANN M. DONNELLY
                                                        United States District Judge

Dated: Brooklyn, New York
          January 26, 2024